Van Brunt, P. J.
In April 1871, the plaintiff and one H Geiger purchased jointly of the Chicago and China Tea Company a quantity of tea and paid for the same. At the time of such purchase the tea was stored in the warehouse of the company in the city of Chicago. The purchasers requested the company to insure the tea for their benefit, which the. company promised to do, and subsequently informed the purchasers that such insurance had been effected, but in fact said insurance had never been effected.
At the time of the purchase and sale aforesaid, the company had in store at their warehouse a large amount of teas which had been previously insured by said company to the amount of $71,000. By the policies for such insurance, all losses, if any, were made payable to David J. Ely to secure him for advances then and there made to said company.
The teas so purchased were left in the warehouse of the company, and had been separated by said company in October, 1871. All the teas in the warehouse of the company were destroyed by fire, including also all the teas held by said company for the plaintiff and Geiger.
At the time of the fire the insurance held by the company amounted to $70,000, all of which by the terms of the policy was made payable to David J. Ely; and the actual loss of said company by the fire, as fixed by the insurance company, was $78,000. The company subsequently settled with the insurers and compromised its claim, with the consent of Ely, at a less amount than its actual loss and received from the insurers $34,525, which was paid by the insurers directly to Ely, and the amount so collected from the insurers was. less than the value of the teas held by said company, other than those so held by the company for the plaintiff and said Geiger. At the time of the receipt of said moneys Ely had no notice of the plaintiff’s claim made in this action.
In October, 1871, the company notified the plaintiff that it had not effected any insurance upon their teas for their benefit, and on the 28th of November, 1871, notified the plaintiff of the collection by it of the insurance money from the insurers to the amount of $34,525, and that that sum included the adjusted loss of said company in respect to plaintiff’s teas, and that that sum had been paid over to Ely, and offered to procure the payment to said plaintiff and said Geiger by said Ely of a sum of money which bore the same proportion to the total amount received as the *798 value of the teas held by plaintiff and said Geiger bore to the value of all the teas destroyed by fire.
The plaintiff refused to approve or accept the settlement by said company, and refused to accept the amount so offered to them, and notified the company they would hold it as their insurers. The plaintiff and Geiger thereupon assigned their claim to one Albert P. Lewis, who thereupon brought an action against the company in the supreme court of the state of New York, alleging the purchase of the teas, the agreement to insure by the company, the representation by the company that it had insured said teas, the destruction of the teas by fire, and the allegation that the amount of the insurance had been paid over to the defendant company, but that the defendant, although payment thereof had been duly demanded, neglected and refused to pay the same. The answer of the defendant admitted the sales of the teas, and alleged that prior thereto the said teas in Chicago had already been insured against loss or damage by fire by policies then held by the defendant; that Geiger & Co. wrote to the company at Chicago, making the request that the tea be kept insured, and the defendant write to Geiger & Co. to the effect that such request had been received, and that the tea would be kept insured; that subsequently the tea was destroyed by fire, and the company wrote to Geiger & Co., informing them of the fire and the destruction of the tea, and advising them that as fast as the money could be collected from the insurance company, Geiger & Co. would be entitled to their proportion of the amount received, which was refused. The answer contained the further allegation that the company acted simply as the agent of Geiger & Co., and that they used their best judgment, care and skill, and acted in the same manner as they had acted in relation to their own property; and denied the other allegations contained in the complant.
Upon the trial of the issues thus raised, the court found as matters of fact, the incorporation of the Chicago and China Tea Company, the transaction and agreement between the company and Geiger and Roberts, as hereinbefore stated, the fire and destruction of the teas, and that Geiger’s and Robert’s loss on said teas by said fire, with interest, was $10,882.71, and that they had assigned their demand to the plaintiff, and gave judgment in favor of the plaintiff for said $10,882.71. There is no finding in support of the allegation contained in the complaint, that the amount for which the teas were insured had been paid to the tea company. The learned court must therefore have founded its conclusion in respect to damages, not because of money collected on account of insurance, but upon the *799 ground that the defendant company became the insurers of íeiger & Co. under their contract to insure, and were liable to pay the damage caused" to them by fire.
At the time of the assignment by Geiger & Co. of their claims against the tea company and at the time of the bringing of the suit in question the plaintiff in this action was aware of the fact that the money collected upon the policies of insurance hereinbefore mentioned had been paid over to David L. Ely. On the 27th day of April, 1881, Mr. Lewis assigned to the plaintiff in this action the judgment obtained against the tea company as above-mentioned.
Mr. Ely having died in the year 1877, in April, 1881, the plaintiff .commenced this action to recover from his personal representatives, the insurance moneys received by him on account of the destruction of the teas belonging to Geiger & Co. The learned court upon the foregoing facts dismissed the complaint upon the merits.
If a recovery should be allowed in this action the plaintiff would not only be entitled to recover the whole value of his teas, because of the failure of the Chicago and China Tea Company to insure, from them, but also would recover the amount which Mr. Ely had collected on his policies of insurance upon these teas. It is apparent that such a result would enable the plaintiff in this action not only to indemnify himself, but to recover in addition thereto the amount which Mr. Ely had collected. It is no answer to this suggestion to say that the plaintiff has been unable to collect his judgment against the Chicago and China Company.
The question must be determined precisely the same as though that judgment was entirely effectual. In the case against the company the plaintiff was evidently allowed to recover, because of the breach of the contract to insure.
The court finds the agreement, the destruction of the teas and the loss, but there is no finding that the company had effected an insurance for Geiger & Co., upon these teas, nor is there any finding that any amount had been collected by the company, because of any insurance so effected; and as already suggested, the only theory of the recovery must then have been and undoubtedly was that the defendant company under their agreement to insure, had themselver become insurers and were liable for the loss.
Geiger & Co., or their assignee, thus elected to pursue the remedy against the tea company. They had already been offered their proportionate share of the insurance moneys collected by Ely, which they refused, thinking undoubtedly that they might proceed against the tea company under the contract to insure and recover damages to the whole amount of their teas destroyed, because of the *800 breach of the contract. They brought their action against the tea company knowing that it had not insured for their benefit, and knowing .that it had not collected the amount of insurance for which they demanded payment.
•They preferred, with knowledge of the fact that Ely had collected this insurance, to hold the defendant company to its contract rather than to assume that the company had complied with its agreement and had procured the insurance and had collected some amount upon it. It is now too late after they made this election to hold the tea company as insurers, and have failed in collecting anything on that judgment, to change their position and to reverse the judgment of the court in the Case of Lewis v. The Chicago and China Tea Company, by claiming that the company were not insurers, but that they had complied with their .agreement and procured insurance which has been collected by Mr. Ely.
It may be that if Geiger & Co. had been ignorant of the facts at the time they chose the company as insurers they might not be held to their election. But it distinctly appears that they were made fully acquainted with all the facts prior to the assignment of the claim and the commencement of the action against the tea company. An adjudication having been obtained upon behalf of Geiger & Co. that the Chicago and China Tea Company were their insurers, and damages having been recovered because of the destruction of the article insured, the plaintiffs cannot now claim that Mr. Ely, a creditor of the tea company, who had procured insurance upon this property before its sale to Geiger & Co., to indemnify him for the amount due to him from the Chicago and China Tea Company should account to the plaintiff for the insurance collected, simply because the latter cannot collect his judgment against his own insurers.
The judgment should be affirmed, with costs.
Macomber and Bartlett, JJ., concur.